NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CÉSAR AGUIRRE,<br><br>                  Petitioner-Appellant,<br><br>   v.<br><br>MARCUS DAWAL, Alameda County<br>Probation Department Chief,<br><br>                  Respondent-Appellee. | No.   21-16106<br><br>D.C. No. 3:16-cv-06933-RS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, Chief District Judge, Presiding

Argued and Submitted May 14, 2024
San Francisco, California

Before: CALLAHAN and SANCHEZ, Circuit Judges, and KRONSTADT,**
Senior District Judge.

---

*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**      The Honorable John A. Kronstadt, Senior United States District Judge for the Central District of California, sitting by designation.

César Aguirre, who was convicted of one felony count of vandalism, appeals the denial of his federal petition for writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

We review the district court's denial of a habeas petition de novo. *See Avena v. Chappell*, 932 F.3d 1237, 1247 (9th Cir. 2019). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court may grant habeas relief only if the state court's last reasoned decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1. Aguirre argues that the California Court of Appeal unreasonably rejected his claim that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose body camera videos, dispatch logs, and supplemental police reports from the Occupy Oakland protests. Because the Court of Appeal summarily denied Aguirre's habeas petition on the merits as to all claims, we "'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale," presuming that it "adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *see also Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal

2

claim, later unexplained orders . . . rejecting the same claim rest upon the same ground."). As directed by the Court of Appeal as part of its review of Aguirre's habeas petition, the Alameda County Superior Court conducted a four-day evidentiary hearing on the *Brady* claim and subsequently rejected it, thereby issuing the last reasoned decision as to that claim. The Court of Appeal then summarily denied Aguirre's *Brady* claim.

Whether the prosecution's failure to disclose evidence constitutes a *Brady* violation turns on whether the evidence at issue "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). Materiality is "considered collectively, not item by item." *Id.* at 436.

Considering the evidence as a whole, the Superior Court determined that the evidence supported, rather than undermined, confidence in the verdict. This conclusion was neither contrary to, nor an unreasonable application of federal law, and it did not rest on an unreasonable determination of the facts. The body camera videos revealed another witness, Officer Martin Ziebarth, who corroborated the trial testimony of the prosecution's chief witness, Officer Anthony Tedesco. Although the supplemental police reports stated that other officers observed several people near the vandalized building, no officer stated that someone other than Aguirre broke the windows at issue. Nor did the dispatch logs undermine

Officer Tedesco's account because he did not outline a precise timeline in his trial testimony. Moreover, Aguirre's trial counsel was aware of the logs and decided not to request them. For these reasons, Aguirre's *Brady* claim was appropriately rejected.

2. Aguirre also argues that the state court unreasonably denied his ineffective assistance of counsel claim because his trial counsel failed to seek the body camera videos, dispatch logs, and supplemental police reports in discovery. Although the state court's summary denial of Aguirre's ineffective assistance of counsel claim was "unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

To demonstrate ineffective assistance of counsel, a petitioner must show: (1) counsel's performance was constitutionally deficient; and (2) this "performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Because a state court's assessment of counsel's performance is reviewed "through the lens of AEDPA, our review is 'doubly deferential.'" *Lopez v. Allen*, 47 F.4th 1040, 1050 (9th Cir. 2022) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

4

The state court's denial of Aguirre's ineffective assistance of counsel claim was not unreasonable. During the Superior Court's hearing on the *Brady* claim, trial counsel testified that his decision not to seek additional discovery was tactical. To avoid a political defense of the Occupy Oakland movement, trial counsel decided to focus on the credibility of the prosecution's chief witness by cross-examining Officer Tedesco about visibility and his identification of Aguirre among the hundreds of protestors at the scene. To be sure, trial counsel could have requested additional discovery without advancing a political defense. However, the relevant inquiry "is not whether counsel's actions were reasonable," but "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Notwithstanding any potential criticism of this trial strategy, as explained above, the state court could reasonably have concluded that the undisclosed evidence was not material under *Brady*. This same evidence forms the basis of Aguirre's ineffective assistance of counsel claim. Because "*Brady* materiality and *Strickland* prejudice are the same," *Gentry v. Sinclair*, 705 F.3d 884, 906 (9th Cir. 2013), it was also reasonable for the state court to conclude that Aguirre was not prejudiced by his counsel's failure to request these materials in discovery. Aguirre's ineffective assistance of counsel claim was properly rejected. **AFFIRMED.**